the summons." In the concluding part of the opinion the court said: "In our view, the facts stated in the amended petition did not give the appellants the right to file a petition making the Louisville & Nashville Railroad Company a party defendant to this litigation, for, upon the theory of that amendment, and considering the facts therein stated to be true, *that company was already a party defendant, and bound by the judgment.*" (Italics ours.)

We have carefully examined the cases cited by the plaintiff in error. A detailed discussion of them would render unnecessarily long this already rather lengthy opinion. It suffices to say that each of them is differentiated by its facts from the case under consideration, and therefore is not controlling authority herein.

■ There being ample evidence to show that the Georgia Baptist Hospital had no physical properties and was inactive as a corporation at the time of the injury to the plaintiff, that it was never served with and did not defend the suit in this case, that said hospital was owned by the Executive Committee of the Baptist Convention of the State of Georgia and was operated by it under the trade name of Georgia Baptist Hospital at the time of the injury to the plaintiff, that the Executive Committee was the wrongdoer, was served with the suit, and appeared and defended the action; and there being ample evidence to support the jury's verdict finding in favor of the traverse to the answer of the bank and holding the funds of the garnishee bank subject to the judgment of the plaintiff in fi. fa., and no reversible error of law being pointed out by the motion for a new trial, there is no reason in law, good morals, or justice why the Executive Committee should not be bound by the judgment in this case, and we therefore hold that the trial court did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

21498. DARR *v.* THE STATE.

LUKE, J. 1. "A conspiracy may be shown by circumstantial as well as by direct evidence," and, under the evidence in this case, a charge in substance to this effect was authorized, was not argumentative, and did not tend to minimize the weight and strength of evidence necessary to establish a conspiracy. See *Weaver* v. *State*, 135 *Ga.* 317 (69 S. E. 488); *Cook* v. *State*, 22 *Ga. App.* 770 (9-a) (97 S. E. 264). This disposes of

the 1st special ground of the motion for a new trial.

2. (a) "Human intent can only be ascertained by acts and conduct; and the law presumes that every act which is in itself unlawful, was criminally intended, until the contrary is made to appear." *Lawrence* v. *State*, 68 *Ga.* 289 (1-*a*). "Every person is presumed to intend the natural and necessary consequences of his acts." *Freeman* v. *State*, 70 *Ga.* 736 (2-*b*). "Intention will be manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused." Penal Code, § 32.

(b) The court's charge on the question of intent did not "minimize" the evidence necessary to establish the fact of intent, nor "limit and restrict" the jury in their deliberations thereon. The defendant's own statement authorized the jury to conclude that he intended malice towards the victim of the crime alleged. There is no merit in the 2d and 3d special grounds of the motion for a new trial.

3. The evidence authorized the verdict, no reversible error of law is shown, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 7, 1931.

*H. A. Allen, J. C. Miner,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

### 21581. JONES v. THE STATE.

DECIDED OCTOBER 7, 1931.

*T. S. Candler, Pat Haralson, J. B. Jones, J. G. Collins, C. S. Reid,* for plaintiff in error.

*Robert McMillan, solicitor-general, B. P. Gaillard Jr., W. V. Lance,* contra.

LUKE, J. In this case Charlie Jones excepts to the judgment overruling his extraordinary motion for a new trial, wherein it is