26704. WILSON *v.* THE STATE.

DECIDED APRIL 26, 1938.

*Ulmer & Dowell,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

MACINTYRE, J.   The defendant, Katie Wilson, was indicted for the commission of the misdemeanor of unlawfully keeping, maintaining, employing, and carrying on a certain scheme and device, other than a lottery, for the hazarding of money, said scheme and device being known as and called "clearing house." The jury returned a verdict of guilty and the judge pronounced sentence upon the defendant. The defendant filed a motion for new trial. The motion was overruled and denied, on which ruling the defendant assigns error based on the general grounds only.

The defendant sets up the defense that the alleged confession was not corroborated by either direct or circumstantial evidence, and, further, that the evidence showed no intent on the part of the defendant to violate the law but showed instead that as soon as she had knowledge that she was violating the law she discontinued her operations. In *Morris* v. *State,* 51 *Ga. App.* 16 (179 S. E. 418), this court held that evidence of a confession voluntarily made by the defendant is direct evidence of the highest character, and when corroborated by proof of the corpus delicti is sufficient to authorize a conviction. See in this connection *Berry* v. *State,* 48 *Ga. App.* 303 (172 S. E. 657). The defendant by her own statement admitted that she had operated the "clearing house" and "boledo" (games of chance) for Mrs. O'Leary, but insisted that she had stopped before she was arrested. The arresting officer testified that he found the "clearing-house" paraphernalia in the defendant's house, and that he saw his assistant find tickets (which were used in such games), in her house. Mrs. O'Leary, who was arrested at the same time, admitted that the defendant sold tickets for her for the "clearing-house" game, but that on Saturday before their arrests on Monday she had ordered the defendant to close up when she (Mrs. O'Leary) had discovered that this was an unlawful business. Louise Davis, who was arrested for the same offense and is now

serving sentence therefor, testified that she was arrested on the same day for the same offense while she was on her way to meet the defendant and Mrs. O'Leary, and that although she was not selling on that particular day, she had sold tickets for Mrs. O'Leary in the past, and that the defendant was selling for Mrs. O'Leary also.

It is true that criminal intent is an essential element of a crime (Code, § 26-201), and while it may be presumed as a matter of law that one anticipates the natural and ultimate consequence of his acts, the question of intention is one finally for the jury and not for the court. *Cosper* v. *State,* 13 *Ga. App.* 301 (3) (79 S. E. 94). The Code, § 102-105, declares: "Laws, after promulgation, are obligatory upon all inhabitants of this State, and ignorance of the law excuses no one." The Code, § 26-202, declares: "Intention may be manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused." The fact that the defendant was ignorant of the fact that she was violating the law does not relieve her of criminal intent if she intended to do the act which the legislature has prohibited by the act of 1877, now embodied in Code, § 26-6502, violation of part of which is charged in the indictment. *Mitchell* v. *State,* 20 *Ga. App.* 778 (93 S. E. 709). See, in this connection, *Curley* v. *State,* 65 *Ga.* 157, where there was a statute requiring the ordinary to issue licenses to sell whisky for periods not less than one year. The defendant in that case obtained a license to operate for four months, and was convicted of the misdemeanor of selling without a license, his four-months license being void. In reply to a defense that the defendant did not intend to violate the law, and did not know that he was doing so, the court quoted the Code, § 102-105, cited above, and held the defendant guilty. Therefore it follows that where the jury has said that criminal intent existed, and there was evidence to support their verdict, this court will not interfere with or reverse such finding. *Darr* v. *State,* 44 *Ga. App.* 201 (2) (160 S. E. 824), and the cases therein cited. The evidence warranted the verdict and the trial judge did not err in overruling and denying the motion for new trial based only on the general grounds.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*