A00A0323. VEHAUN v. THE STATE.
(534 SE2d 873)

BARNES, Judge.

Charles M. Vehaun appeals his convictions of two counts of aggravated child molestation, two counts of child molestation, and two counts of cruelty to children. He contends the trial court erred by admitting evidence of his convictions of earlier sex crimes because those convictions were too remote in time, erred by permitting the prosecution to question him about whether he had been accused of rape in another state, and erred by failing to give a limiting instruction on the use to which the evidence about this allegation could be made. We disagree and affirm.

1. Relying upon *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423)

(1991), Vehaun's first enumeration of error contends only that the trial court erred by admitting evidence of his earlier convictions for taking indecent liberties with a child in 1976 and for child molestation in 1975 because they were too remote in time. This enumeration is without merit. The time elapsed between Vehaun's earlier convictions and his trial in April 1999 was less than the time of the similar crimes evidence that was excluded in *Gilstrap*. Id. at 799. Further, the time elapsed between the prior offenses and the current trial goes to the weight to be accorded the similar crime evidence and not its admissibility. *Gibbins v. State*, 229 Ga. App. 896, 899 (4) (495 SE2d 46) (1997). This evidence was not too remote in time to be admissible. *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999); *Ryan v. State*, 226 Ga. App. 180, 181 (2) (486 SE2d 397) (1997).

2. Vehaun contends that the trial court erred by allowing the prosecution to impeach his testimony with questions about whether he fled another state and adopted another name because he had been accused of rape. Although he was found to be using an alias and had in his possession identification as Charles Vehaun and Steven Randall, Vehaun explained that he had adopted the Randall name to protect himself because of continuing problems he had in North Carolina with a girlfriend's ex-husband. Subsequently, the prosecutor questioned him, over his objection, about whether he changed his name because the authorities in North Carolina were looking for him because he had been accused of rape in that state.[1] Vehaun denied that he left North Carolina for this reason and denied that any such charge was made against him.

We find no error. A defendant, like any other witness, may be impeached "by disproving the facts testified to by him." OCGA § 24-9-82. Here, the State was entitled to question Vehaun whether the reason he gave in his direct examination to explain changing his name and leaving North Carolina was untruthful. *Smith v. State*, 237 Ga. App. 582, 585 (4) (516 SE2d 92) (1999). Although Vehaun objected below that his reasons for leaving North Carolina have nothing "to do with this case" and argues on appeal that the trial court should not have allowed this method of impeachment because it concerned an immaterial matter, we find no merit to this argument. Vehaun introduced this area of inquiry by offering this reason for leaving North Carolina to explain having two sets of identification in his possession when he was arrested. Under the circumstances, we do not find that the trial court abused its discretion by allowing the State to question Vehaun on this subject.

3. Vehaun's contention that the trial court erred by failing to give

---

[1] Although not introduced in evidence, the prosecutor had evidence of the charge.

a limiting instruction after he was questioned regarding the rape allegation in North Carolina is also without merit. Immediately after the trial court denied his motion for a mistrial, upon Vehaun's request, the trial court gave a limiting instruction. This instruction informed the jury that the questioning related to a matter that could be considered for impeachment only and not for any other purpose. This limiting instruction was repeated in the court's charge to the jury at the conclusion of the trial. Under the circumstances, no factual support exists for the enumeration.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 22, 2000.

*Donna L. Avans*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.