## A00A1567. WEAVER v. THE STATE.
(540 SE2d 687)

BLACKBURN, Presiding Judge.

Following a jury trial, Damon Lee Weaver appeals his conviction for two counts of armed robbery, contending that the State improperly placed his character in issue by submitting inappropriate similar transaction evidence. Specifically, Weaver argues that: (1) the trial court improperly admitted similar transaction evidence in violation of Uniform Superior Court Rule 31.3, and (2) his attorney rendered ineffective assistance of counsel by failing to object to the similar transaction evidence or to ask for a limiting instruction once it was placed in evidence. For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that Weaver and a compatriot, Courtney Dubose, entered an Amoco station and robbed both the store and its attendant. Dubose, who was wearing a ski mask, brandished a gun during the robbery, and Weaver, who was wearing a stocking cap and a red scarf to conceal his face, emptied the cash register and removed change from some plastic rolls of quarters. Weaver discarded the plastic tube on the floor of the Amoco, and, after it was retrieved by the police, a fingerprint analysis uncovered Weaver's thumbprint on the wrapper. After initially denying any involvement, Weaver admitted that he participated in the robbery, but he contended that Dubose forced him to do so.

Shortly after his arrest, Weaver was interviewed by Detective McEntyre. Portions of this audiotaped interview were played for the jury during the trial. Specifically, Weaver takes issue with the follow-

---

[16] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[17] *Igle v. State*, 223 Ga. App. 498, 500 (3) (478 SE2d 622) (1996); see OCGA § 16-7-1 (a).

ing statement made by Detective McEntyre during the interview:

> Well, let me tell you why I charged you with this robbery. We had a robbery [at the Amoco station], and *this was one of a number of robberies that we had, by the way, that looked like was probably the same dudes.* And we had a robbery there, and one of [the] robbers went around the counter and was taking — you know them little . . . tubes they put money in to put down in drop safes. . . . On that tube we found a fingerprint, and that fingerprint . . . came up a match to one of your thumbs.

(Emphasis supplied.) Weaver contends that Detective McEntyre's comment regarding a "number of robberies" constituted similar transaction evidence which impermissibly placed his character in evidence. We disagree.

A review of the entire audiotaped interview shows that Detective McEntyre was referring to Dubose, not Weaver, as the perpetrator of the "number of robberies." At a later point in the interview, after Weaver implicated Dubose in the Amoco robbery, Detective McEntyre explained: "Well, [Dubose] did a bunch of robberies. He did a bunch of robberies, I believe." To the contrary, however, Detective McEntyre made no statements that Weaver was involved in these other robberies. Accordingly, Detective McEntyre's testimony, taken as a whole, shows that the statement which Weaver complains about was not, in fact, similar transaction evidence. Therefore, Weaver's arguments on appeal are meritless.

Moreover, even if we were to find that Detective McEntyre's statement constituted similar transaction evidence, the outcome herein would remain the same. "[T]he erroneous admission of similar transaction evidence may be harmless if there is such overwhelming evidence of the defendant's guilt that it is highly probable that the error did not contribute to the guilty verdict." *Moore v. State.*[1] In this case, the evidence against Weaver was indeed overwhelming. Weaver admitted that he took part in the robbery, the Amoco attendant testified that Weaver actively participated without duress or coercion, and Weaver's fingerprints were found on discarded coin wrappers at the scene of the crime. Weaver's convictions must stand.

2. Weaver also contends that his trial counsel rendered ineffective assistance of counsel by (1) failing to object to the audiotaped statement described above as inappropriate similar transaction evidence and, in the alternative, (2) not asking for a limiting instruction once this alleged similar transaction evidence was admitted. As we

---

[1] *Moore v. State*, 242 Ga. App. 249, 250 (1) (a) (529 SE2d 381) (2000).

have found in the prior Division that the audiotaped statement did not constitute similar transaction evidence, Weaver's contentions with regard to his counsel's performance are moot.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 24, 2000.

*David C. Butler*, for appellant.

*Patrick H. Head, District Attorney, David M. Hilts, Maria B. Golick, Assistant District Attorneys*, for appellee.