## A04A1661. SWANSON v. THE STATE.
(605 SE2d 425)

JOHNSON, Presiding Judge.

A jury found Donald Swanson guilty of rape, kidnapping, aggravated sodomy, and false imprisonment. In his sole enumeration of error, Swanson claims the trial court erred in admitting evidence of a 1973 rape at his 1997 trial as similar transaction evidence because the prior rape was too remote in time to be relevant. Swanson does not dispute that he committed the prior rape, that the state used the prior rape for a legitimate purpose, or that the prior rape is sufficiently similar to the charged offense so that proof of the former tends to prove the latter.[1] We find no error and affirm Swanson's convictions.

While the passage of time is one of the more important factors to weigh in considering the admissibility of similar transaction evidence, it is not wholly determinative.[2] In fact, the lapse of time generally goes to the weight and credibility of the evidence, not to its admissibility.[3] This is especially true where the accused spent part of the interval incarcerated.[4]

In the present case, the trial court noted that between the 1973 rape conviction and the 1995 incident at issue in this case, Swanson had three burglary convictions. From this evidence the trial court inferred that Swanson spent at least a few years incarcerated, and both the state and Swanson's trial counsel noted at the hearing on Swanson's motion for new trial that the record showed that Swanson received a ten-year jail sentence for the 1973 rape, but did not serve all ten years because he was convicted of burglary in 1980. The fact that Swanson was incarcerated for at least some of the time lapse mitigates the length of the time lapse. The trial court did not abuse its discretion in admitting the similar transaction evidence at issue.

Moreover, the erroneous admission of similar transaction evidence may be harmless if there is such overwhelming evidence of the defendant's guilt that it is highly probable that the error did not contribute to the guilty verdict.[5] Here, the evidence shows that Swanson was found nude behind a house near where the rape occurred, and pants with a parole card belonging to Swanson were found at the scene of the crimes. In addition, the state introduced two other similar transactions involving rape. The evidence against Swanson was indeed overwhelming, and his conviction must stand.

---

[1] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[2] *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998).

[3] See *Schneider v. State*, 267 Ga. App. 508, 511 (2) (603 SE2d 663) (2004) (14-18 year lapse); *McGuire v. State*, 266 Ga. App. 673, 677 (2) (598 SE2d 55) (2004) (21-22 year lapse).

[4] See *Mullins*, supra; *Harden v. State*, 211 Ga. App. 1 (1) (438 SE2d 136) (1993).

[5] See *Weaver v. State*, 246 Ga. App. 504, 505 (1) (540 SE2d 687) (2000).

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 1, 2004.

*Whitman M. Dodge*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.