## A09A2153. EVANS v. THE STATE.
(684 SE2d 311)

BLACKBURN, Presiding Judge.

Following a jury trial, John Evans appeals his conviction on multiple counts of child molestation,[1] aggravated child molestation,[2] and statutory rape,[3] and on single counts of sexual contact with a psychotherapist client[4] and of enticing a child for indecent purposes.[5] His sole enumeration of error is that the trial court erred in admitting two similar transactions. We hold that as to the first similar transaction, he induced any alleged error in that his own counsel was the first to elicit the testimony of that transaction. As to the second transaction, the trial court did not clearly err in finding that, because it involved a sexual act by Evans in his counseling office with a female he was counseling, it was sufficiently similar to one of the crimes at issue here which alleged a sexual act by Evans in his counseling office with a female he was counseling. Accordingly, we affirm.

Construed in favor of the verdict, *Davis v. State*,[6] the evidence shows that Evans, a psychotherapist, counseled a young female from the time she was ten until she was eighteen, and when she turned fourteen, he hired her for multiple weekends as a babysitter for his children. During the babysitting weekends at his home, he fondled her breasts, engaged in numerous acts of vaginal, oral, and anal intercourse with her, required her to put on lingerie and pose for pornographic photos he took of her, and once took her to his office where he placed his finger in her private part. All of these sexual acts took place while she was 14 and 15. During one of his counseling sessions with her in his office when she was fifteen, he engaged in vaginal intercourse with her.

Evans was indicted on two counts of child molestation, two counts of aggravated child molestation, three counts of statutory rape, one count of enticing a child for indecent purposes, and one count of sexual contact with a psychotherapist client. At trial, two similar transactions were introduced. The first concerned his mo-

---

[1] OCGA § 16-6-4 (a).
[2] OCGA § 16-6-4 (c).
[3] OCGA § 16-6-3 (a).
[4] OCGA § 16-6-5.1 (c) (2).
[5] OCGA § 16-6-5 (a).
[6] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

lesting his stepdaughter (from the time she was ten until she turned sixteen) through fondling her breasts, engaging in acts of oral, anal, and vaginal intercourse with her, and taking pornographic pictures of her in lingerie. The second concerned his fondling the breasts of and taking his pants off and rubbing his private part on an adult female client while he was counseling her in his office. A jury found him guilty on all counts, giving rise to this appeal. He contests the court's admitting the two similar transactions.

With regard to the first similar transaction involving the young stepdaughter, we note that Evans was the party who first elicited the testimony regarding the allegations of the stepdaughter asserted in 1996. While cross-examining the first witness (a detective), Evans brought up the 1996 charge against Evans and, after establishing that the detective had learned of this charge when investigating the charges brought in the present case, asked:

> Q. All right. Now, let me ask you this, it didn't strike you as funny that what she told you happened to her was exactly what the girl said back in '96?
> A. Absolutely.
> Q. Weren't they almost exactly the same?
> A. That's correct.
> Q. Okay. It's almost like somebody had told her about that and she knew how to get him, wasn't it?
> A. No, sir. That's not the way I took it.

This defense strategy of claiming that the current allegations were nothing more than false mimics of the prior charges came up repeatedly during the trial. Thus, it is no surprise that Evans — not the State — was the first to elicit testimony regarding this similar transaction. "It is well established that induced error is impermissible and furnishes no ground for reversal." (Punctuation omitted.) *Hargett v. State*.[7] Cf. *Garvin v. State*[8] ("although [defendant] opposed the admission of the similar transaction evidence during a pretrial hearing, he did not raise any objection at trial when testimony regarding the similar transaction was admitted. [Defendant,] therefore, waived any objection to this evidence.").

Even if we were to consider the merits of Evans's current challenge to the admission of this evidence, that challenge would fail. The trial court admitted the transaction here to show course of conduct and state of mind. The relevant principles of law are clear.

---

[7] *Hargett v. State*, 285 Ga. 82, 88 (5), n. 12 (674 SE2d 261) (2009).
[8] *Garvin v. State*, 292 Ga. App. 813, 814 (665 SE2d 908) (2008).

> The decision of a trial court to admit evidence of similar transactions will be upheld unless clearly erroneous. To be admissible for the purposes of establishing motive, intent, course of conduct, or bent of mind, the State must show (a) sufficient evidence that the similar transaction occurred and (b) sufficient connection or similarity between the similar transaction and the crime alleged so proof of the former tends to prove the latter. When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. This rule is most liberally extended in cases involving sexual offenses because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent.

(Punctuation and footnote omitted.) *Hilliard v. State*.[9]

Evans concedes that sufficient similarity was shown; at trial, Evans expressly stated, "[W]e're not contesting the similarity of it," and indeed such was the basis for the defense strategy that the later allegations were merely copycats of the former. Evans contends only that the trial court failed to make a finding that the probative value of the evidence outweighed its prejudicial value. But "a trial court's finding that 'other transactions' evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact." *Farley v. State*.[10] Thus, even if we considered Evans's argument on the merits, the trial court did not clearly err in admitting this first similar transaction.

With regard to the second transaction, Evans does contest its similarity, arguing that a sexual act involving a 32-year-old adult woman is too different to be admissible evidence regarding sexual acts involving a female under 16. But Evans ignores that the trial court admitted this transaction as proof regarding the charge under OCGA § 16-6-5.1 (c) (2), which provides:

> A person commits sexual assault when, as an actual or purported practitioner of psychotherapy, he or she engages in sexual contact with another person who the actor knew or should have known is the subject of the actor's actual or purported treatment or counseling, or, if the treatment or counseling relationship was used to facilitate sexual contact between the actor and said person.

---

[9] *Hilliard v. State*, 298 Ga. App. 473, 476 (3) (680 SE2d 541) (2009).
[10] *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995).

The prior transaction involved Evans's taking his pants off and rubbing his private part against a female patient in his office during a session in which he was counseling her as a psychotherapist. This was sufficiently similar to Evans's engaging in sexual intercourse with the female victim here in his office during a session in which he was counseling her as a psychotherapist. See *Walley v. State*[11] (prior rape of adult woman admitted in prosecution for molesting 12-year-old child; "[b]oth victims were females with whom [defendant] had a previous good relationship and over whom he had a position of authority"). See also *Payne v. State*[12] (forcible rape of adult woman admissible in prosecution for forcible child molestation); *Wagner v. State*[13] ("when the crimes are similar, the difference in the victims' ages need not render the similar transaction inadmissible"; thus, evidence of rape of adult woman admissible in prosecution for rape of minor).

Evans's quoting language from the *dissent* of the Supreme Court's decision in *Payne* is hardly persuasive. And we addressed Evans's arguments that the admission of similar transactions possibly violates due process in *Wade v. State*,[14] in which we noted we were bound by Supreme Court precedent. Since the Supreme Court of Georgia denied certiorari in *Wade*, we see no need to reiterate the analysis in *Wade*.

The trial court did not clearly err in admitting the similar transactions.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 22, 2009 ▮

*Michael E. Garner*, for appellant.
*Julia F. Slater, District Attorney, Moieh E. Konan, Assistant District Attorney*, for appellee.

---

[11] *Walley v. State*, 298 Ga. App. 483, 485 (1) (680 SE2d 550) (2009).
[12] *Payne v. State*, 285 Ga. 137, 139 (674 SE2d 298) (2009).
[13] *Wagner v. State*, 253 Ga. App. 874, 876 (1) (a) (560 SE2d 754) (2002).
[14] *Wade v. State*, 295 Ga. App. 45, 47-49 (670 SE2d 864) (2008).