S09G0960. PAREJA v. THE STATE.
(686 SE2d 232)

MELTON, Justice.

In *Pareja v. State*, 295 Ga. App. 871 (673 SE2d 343) (2009), the Court of Appeals affirmed Pareja's conviction for one count of child molestation, finding that the evidence was sufficient to support the verdict and that the trial court properly admitted certain similar transaction evidence. We granted certiorari to determine whether the Court of Appeals erred in ruling that the trial court properly admitted, as a similar transaction, evidence of an act of molestation that Pareja committed 26 years before his conviction in this case. For the reasons set forth below, we affirm.

As set forth in the Court of Appeals opinion, the relevant facts of this case are as follows:

Pareja and his wife were friends with Grace Chamorro. In November 2005, Chamorro's five-year-old daughter, N. O., told her that "Uncle Joaquin" had "cleansed" her vagina the preceding day. According to Chamorro, N. O. stated that she felt "shameful" and told her mother not to

---

tell anyone about the incident. When Chamorro inquired further, N. O. stated that Pareja cleaned her "hundreds" of times and told her that "when little children are cleansed, it is normal for them to itch, and because of itching[,] they will laugh." N. O. demonstrated to her mother that Pareja cleaned her while she was on her hands and knees on the bed and also while she was on her back with her legs spread.

Chamorro took N. O. to Dr. Meghan Nicolini, a private psychologist. Nicolini testified that N. O. told her that her uncle "wiped her private parts a hundred times," initially with his hands and then with a towel. Nicolini asked N. O. whether Pareja "might have been cleaning her," and the child responded, "No." N. O. also told her that she tried to move away from Pareja during the incident(s), but he pulled her legs and instructed her to remain still. Nicolini contacted the Department of Family and Children Services, who assigned case manager Araina Williams to the investigation. Williams interviewed Pareja, and he told her that he wiped N. O. "to clean her" after she complained to him that she was "itchy."

N. O. testified at trial, stating that Pareja touched her "in the private" with his hand and with a towel after she told him that she was itching. She told Pareja to stop, but he refused. During the trial, the child demonstrated the touches on a doll, opening the doll's legs and rubbing its vaginal area with her fingers. The State also played the videotaped forensic interview of N. O. for the jury.

At trial, Pareja testified that he used a wet towel to clean N. O.'s buttocks and vaginal area after she had a soft bowel movement. Pareja denied using his bare fingers or touching N. O. improperly.

The State also presented similar transaction evidence. D. R., who was friends with one of Pareja's daughters as a child, testified that she spent the night at Pareja's home when she was 12 years old. D. R. awoke and realized that Pareja's fingers were inside her vagina; he left the room after D. R. screamed. In another incident, Pareja awakened D. R., took her into the bathroom, and forced her to masturbate him and to perform oral sex. According to D. R., she never told anyone about the incidents until Pareja's daughter called to tell her that her father had been accused of child molestation.

Id. at 872-873. The acts which were introduced as similar transaction evidence occurred approximately 26 years prior to Pareja's convic-

tion in this case. Id. at 873 (2).

The procedural guidelines for determining whether evidence of a prior act may be admissible as similar transaction evidence are well established. In general, evidence of independent offenses committed by a defendant is irrelevant and inadmissible in a trial for a different crime. *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991). In some cases, however, "[e]vidence of similar crimes (or transactions) is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact." *Guyton v. State*, 206 Ga. App. 145-146 (1) (424 SE2d 87) (1992).

> Before evidence of prior crimes is admissible, the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter.

(Citation omitted.) *Palmer v. State*, 271 Ga. 234, 239 (8) (a) (517 SE2d 502) (1999). See also Uniform Superior Court Rule 31.3 (B). Ultimately, these guidelines and restrictions present the mechanism by which one can determine whether the probative value of the similar transaction evidence outweighs its prejudicial impact upon the defendant. The outcome of this balance generally determines the admissibility of the similar transaction evidence.

In cases in which the similar transaction evidence is remote in time, however, additional considerations are required. As a general rule, "the lapse of time generally goes to the weight and credibility of the evidence, not to its admissibility. [Cits.]" *Swanson v. State*, 269 Ga. App. 826 (605 SE2d 425) (2004). Nonetheless, where similar transactions are particularly remote because they were committed decades in the past, "the passage of time is one of the more important factors to weigh in considering the *admissibility* of the evidence in question, [although] it is not wholly determinative." (Citation omitted; emphasis supplied.) *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998). This factor takes on heightened significance when the similar transaction evidence is comprised of alleged acts for which there is no prior record of their occurrence. Although a similar transaction may have been committed many years in the past, any prejudice from its age may nonetheless be outweighed by its probative value, depending on the particular facts of each case and the purpose for which the

similar transaction is being offered. This has been especially true in cases where there has been a continuous course of criminal conduct or the defendant has been incarcerated for some period between acts. See, e.g., *Nichols v. State*, 221 Ga. App. 600 (3) (473 SE2d 491) (1996) (similar transactions committed 24 and 27 years in the past admissible); *Vehaun v. State*, 244 Ga. App. 136 (1) (534 SE2d 873) (2000) (24-year-old similar transaction admissible); *Boynton v. State*, 287 Ga. App. 778 (3) (653 SE2d 110) (2007) (29-year-old similar transaction admissible).

In some circumstances, similar transaction evidence of alleged crimes may be so remote in time that any probative value it might otherwise have cannot overcome the prejudice caused to the defendant. In other words, the passage of time, though not wholly determinative of the admissibility of the similar transaction evidence, becomes the deciding factor. We recognized this principle in *Gilstrap v. State*, 261 Ga. 798 (1) (410 SE2d 423) (1991). There we explained:

> In *Womack v. State*, 260 Ga. 21, 22 (4) (389 SE2d 240) (1990), we quoted from *Sears v. State*, 182 Ga. App. 480, 482 (356 SE2d 72) (1987), as follows: "The purpose of a statute of (limitation) is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanction. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. . . ." A like rationale applies to the admission of "similar transaction" evidence, and is the basis for excluding evidence of events that are [too] remote in time.

*Gilstrap*, supra, 261 Ga. 798-799 (1).[1] In *Gilstrap*, therefore, we reasoned that, under the facts of that case, the defendant should not be required to try to defend against an alleged 31-year-old crime being offered as a similar transaction. Id. at 799 (1) (b). Similarly, in *Slakman v. State*, 272 Ga. 662 (4) (533 SE2d 383) (2000), we found that, based upon the facts in that case, 30-year-old similar transac-

---

[1] This does not mean, however, that the remoteness determination for similar transaction evidence must be strictly correlated to statutes of limitation for the underlying crimes being offered as similar transactions. This is true because a defendant is not being tried for the similar transaction and does not face present punishment for commission of the prior act.

tion evidence was inadmissible.[2] In both *Gilstrap* and *Slakman*, the prejudice to the defendant caused by defending against alleged crimes occurring in the far distant past outweighed any probative value the alleged crimes may have in a prosecution for a current crime. It must be noted, however, that neither *Gilstrap* nor *Slakman* creates a bright-line rule that similar transactions more than 30 years old are automatically inadmissible. The determination of the admissibility of similar transaction evidence requires a balancing of probative value and prejudice which is individualized to the facts of each specific case. Therefore, while a 31-year-old similar transaction was inadmissible in *Gilstrap*, an equally remote or older similar transaction might be admissible in a case involving a divergent set of facts.[3]

In reviewing the trial court's decision to admit the similar transaction in this case, we must be mindful that this decision should be upheld unless it is an abuse of discretion. *Abdullah v. State*, 284 Ga. 399, 401 (3) (667 SE2d 584) (2008). Furthermore,

> [w]hen considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. This rule is most liberally extended in cases involving sexual offenses because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent.

(Citations and punctuation omitted.) *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009). Under these guiding principles, as well as those considerations discussed above, we find that, based on the record in this case, the trial court did not abuse its discretion in its determination that the allegation of child abuse that occurred 26 years in the past, due to its similarity to the present crime and its probative value to show the defendant's unique bent of mind, was admissible as similar transaction evidence.

*Judgment affirmed. All the Justices concur.*

---

[2] These considerations do not apply to similar transaction evidence of prior crimes for which a defendant has been convicted. In such cases, the defendant would have had the ability to pursue the facts and perfect a record of the surrounding events at the time that he was tried or entered a guilty plea to the prior act.

[3] See, e.g., *Wright v. State*, 259 Ga. App. 74 (1) (576 SE2d 64) (2003) (34-year-old similar transaction evidence of alleged crime admissible), *Bryson v. State*, 210 Ga. App. 642 (2) (437 SE2d 352) (1993) (31-year-old similar transaction evidence of alleged crime admissible), and *Starnes v. State*, 205 Ga. App. 882 (1) (424 SE2d 4) (1992) (33-year-old similar transaction evidence of alleged crime admissible), overruled on other grounds by *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006).

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.