## A10A0749. MINCEY v. THE STATE.
### (692 SE2d 809)

JOHNSON, Presiding Judge.

A jury found Maurice Mincey guilty of possession of a telecommunications device by an inmate. Mincey appeals from the conviction, contending the state failed to prove that he had the requisite intent to commit a crime, inasmuch as there is no evidence that he knew that it was unlawful for an inmate to possess a cellular telephone. We affirm the conviction.

OCGA § 42-5-18 (c) provides that it "shall be unlawful for an inmate to possess . . . a telecommunications device; or any other item without the authorization of the warden or superintendent or his or her designee." Under the statute, a cell phone is a "telecommunications device."[1]

Viewed in a light most favorable to the verdict, the evidence shows that Mincey was serving his fifth year of a 20-year prison sentence when Dooly State Prison correctional officers received a report that an inmate in Mincey's unit had a cell phone. An officer went to the unit and noticed that Mincey had a cell phone in his hand. The officer took the phone.

The prison warden testified that she has never given an inmate permission to possess a cell phone, and she never told any prison employees that Mincey could possess a cell phone. When asked how inmates are advised of the cell phone policy, the warden replied that it is posted on inmate-accessible bulletin boards in every dorm and in common areas.

Mincey urges the state failed to prove criminal intent, since there is no evidence that he was ever told that he could not possess a cell phone, and no evidence that he ever saw the posted cell phone policy. Even assuming, for the sake of argument, that Mincey was not told that inmates could not possess cell phones, and he did not see the cell phone policy posted on the bulletin boards, his appeal is without merit.

"Ignorance of the law excuses no one."[2] A defendant's ignorance of the fact that he was violating the law does not relieve him of

---

[1] OCGA § 42-5-18 (a) (3).

[2] OCGA § 1-3-6; see generally *Hameen v. State*, 246 Ga. App. 599, 600 (1) (541 SE2d 668) (2000).

criminal intent if he intended to do the act that the legislature prohibited.[3] Criminal intention may be found from the circumstances connected with the act for which the accused is prosecuted.[4] In this case, there was evidence that Mincey was a prison inmate, that he possessed a cell phone, and that he was not authorized to have a phone. Thus, the circumstances show he intended to do the prohibited act. Where the jury has found that criminal intent existed, and there was evidence to support that verdict, this Court will not interfere.[5]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED MARCH 29, 2010.

*Jimmonique R. S. Rodgers, Jennifer A. Trieshmann,* for appellant.

*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney,* for appellee.

---

[3] *Wilson v. State,* 57 Ga. App. 839, 841 (197 SE 48) (1938).

[4] OCGA § 16-2-6.

[5] *Wilson,* supra.