A10A1767. DUVALL v. THE STATE.
(699 SE2d 761)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, James Kevin Duvall appeals his conviction for possessing a controlled substance. He challenges the sufficiency of the evidence and argues that the court erred in admitting a similar transaction and in failing to charge the jury on mistake of fact. Discerning no harmful error, we affirm.

Construed in favor of the verdict, *Davis v. State*,[1] the evidence shows that at 2:30 a.m. on November 27, 2007, Duvall banged loudly on the locked back door of his father's neighbor's residence and attempted to open the door. Awoken and terrified by the commotion, the neighbor called 911, resulting in police soon arriving and confronting Duvall as he continued to bang on the door and jiggle the door's handle. One officer repeatedly commanded Duvall, whose hands were now in his pockets, to show his hands and to step away from the door; Duvall refused to do either. Another officer threatened to shock Duvall with a taser if he did not comply; Duvall remained motionless. After subduing Duvall with the taser, the officers arrested him and conducted a search incident to an arrest, which revealed that Duvall had three prescription sleeping pills — which were not prescribed for him — loose in his pants pocket.

Duvall was indicted for possession of a Schedule IV controlled substance,[2] possessing drugs not in their original container,[3] obstruction of an officer (misdemeanor),[4] and loitering/prowling.[5] At trial, Duvall presented evidence showing that he was drunk and that he had willingly received the pills from his aunt (for whom they were prescribed) earlier in the evening, with her telling him to take the pills for sleeping. He testified that he did not know the pills were a controlled substance and that he thought they were an over-the-counter medication, which testimony constituted his primary defense at trial. The jury found him guilty on all counts, and following sentencing and the denial of his motion for new trial, he appeals.

---

[1] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

[2] OCGA § 16-13-30 (a).

[3] OCGA § 16-13-75.

[4] OCGA § 16-10-24 (a).

[5] OCGA § 16-11-36 (a).

1. Duvall challenges the sufficiency of the evidence regarding two counts only: his possession of a controlled substance and his possession of drugs not in their original container. Specifically, he claims that no evidence showed that he knew the pills were a controlled substance. This claim lacks legal merit, as the State was not obligated to show such.

OCGA § 16-13-30 (a) provides: "Except as authorized by this article, it is unlawful for any person to purchase, possess, or have under his control any controlled substance." OCGA § 16-13-75 provides:

> Possession and control of controlled substances . . . by anyone other than the individuals specified in Code Section 16-13-35 or 16-13-72 shall be legal only if such drugs are in the original container in which they were dispensed by the pharmacist or the practitioner of the healing arts and are labeled according to Code Section 26-3-8.

It is true that as with any crime (other than those involving criminal negligence), the State must show the defendant acted with criminal intent. See OCGA § 16-2-1 (a); *Wilson v. State*.[6] This intent "does not mean an intention to violate a penal statute but an intention to commit the act prohibited thereby." (Punctuation omitted.) *Schwerdtfeger v. State*.[7] Thus, "[t]he fact that the defendant was ignorant of the fact that she was violating the law does not relieve her of criminal intent if she intended to do the act which the legislature has prohibited." *Wilson*, supra, 57 Ga. App. at 841. This accords with the long-established principle that "[i]gnorance of the law excuses no one." OCGA § 1-3-6. See *Gurley v. State*[8] (it is not a valid defense "that the defendant did not intend to violate the law, and did not know that he was doing so"); *Mincey v. State*[9] ("[a] defendant's ignorance of the fact that he was violating the law does not relieve him of criminal intent if he intended to do the act that the legislature prohibited").

Here, Duvall readily conceded that he was in knowing possession of the pills, which pills were loose in his pocket and not in their original container. This sufficed to sustain his convictions. His sole defense that he did not know that the pills were a controlled substance is not a valid defense, as the question of whether the pills, which contained Zolpidem, were a controlled substance was a ques-

---

[6] *Wilson v. State*, 57 Ga. App. 839, 841 (197 SE 48) (1938).

[7] *Schwerdtfeger v. State*, 167 Ga. App. 19, 20 (1) (305 SE2d 834) (1983).

[8] *Gurley v. State*, 65 Ga. 157, 158 (1880).

[9] *Mincey v. State*, 303 Ga. App. 257, 257-258 (692 SE2d 809) (2010).

tion of law governed by statute. See OCGA § 16-13-28 (a) (33). Because he intended to possess the loose pills, he had the intent sufficient to sustain the conviction on both charges. Cf. *Nix v. State*.[10]

We do not address the obstruction and loitering charges inasmuch as Duvall has not challenged his conviction on them.

2. Duvall next contends that the trial court erred in failing to give his requested jury charge on mistake of fact, which tracked the language of OCGA § 16-3-5. But as shown in Division 1 above, Duvall readily conceded at trial and here on appeal that he knowingly possessed the three loose pills in his pocket when he was arrested. The only alleged "mistake of fact" was that he did not know that the pills were a controlled substance, which was a mistake of law. As held in *Taylor v. State*,[11] "[f]ailure to give a charge on mistake of fact is not error where the evidence shows that a party has made a mistake of law. It is axiomatic that everyone is presumed to know the law and ignorance thereof is not an excuse for its violation." (Punctuation omitted.)

3. Duvall's final enumeration of error is that the trial court erred in admitting a similar transaction of a cocaine possession by Duvall some eleven years earlier. We agree that the trial court abused its discretion in admitting this evidence but we find that the error was harmless.

> To introduce similar transaction evidence, the State must show three things. First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion.

(Citation and punctuation omitted.) *Kendrick v. State*.[12] See *Evans v. State*.[13]

Duvall's only challenge to the State's required showings was that the State failed to show sufficient connection or similarity

---

[10] *Nix v. State*, 135 Ga. App. 672, 673 (219 SE2d 6) (1975).

[11] *Taylor v. State*, 233 Ga. App. 221, 222 (1) (504 SE2d 57) (1998).

[12] *Kendrick v. State*, 269 Ga. App. 831, 833 (3) (605 SE2d 369) (2004).

[13] *Evans v. State*, 300 Ga. App. 180, 182 (684 SE2d 311) (2009).

between the similar transaction and the crime alleged so proof of the former tended to prove the latter. We agree that the State failed to establish this similarity.

The circumstances of the similar transaction were that on August 31, 1996, Duvall was driving a vehicle and was pulled over by police; as soon as his car stopped, Duvall jumped out of his vehicle and fled the scene. In the vehicle, police found opened and unopened containers of alcohol, and just outside the vehicle at the driver's door, police found a small package of cocaine. Duvall pled guilty to possessing cocaine. The trial court admitted this prior crime solely for the purpose of showing Duvall's bent of mind, intent, and course of conduct regarding the controlled-drug possessions, and expressly held that it was not admissible regarding the obstruction charge.

"[T]he prior possession must be under factually similar circumstances so as to demonstrate a proper purpose for admission, such as identity or motive: It is the factual similarity of the defendant's possession of drugs on different occasions which renders it admissible. . . ." (Punctuation omitted.) *Vaughan v. State*.[14] We can discern no similarity between Duvall's possession of a small package of cocaine while in a vehicle and his receiving three loose prescription sleeping pills from his aunt some eleven years later. See id.; *King v. State*[15] ("although the ten years between the purported similar transactions and the present offense is but a factor to consider in whether evidence of the earlier offenses should be admitted, in this case the dissimilarities and the years between the offense diminish the reason for admitting this evidence"). Compare *Nesbitt v. State*[16] (prior possession of cocaine sufficiently similar to later possession of cocaine where cocaine was packaged in similar medicine bottles). Accordingly, the court clearly erred in finding this transaction factually similar and therefore abused its discretion in admitting it as a similar transaction. See *Faison v. State*.[17]

However, "[t]he erroneous admission of similar transaction evidence may be harmless if there is such overwhelming evidence of the defendant's guilt that it is highly probable that the error did not contribute to the guilty verdict." (Punctuation omitted.) *Vaughan*, supra, 251 Ga. App. at 223-224 (2). See *Moore v. State*;[18] *Howard v. State*.[19] Where the defendant raises no viable defense (*Vaughan*, supra, 251 Ga. App. at 224 (2)) or makes no effort to refute the

---

[14] *Vaughan v. State*, 251 Ga. App. 221, 223 (2) (553 SE2d 335) (2001).
[15] *King v. State*, 230 Ga. App. 301, 304 (1) (496 SE2d 312) (1998).
[16] *Nesbitt v. State*, 215 Ga. App. 271, 271-272 (1) (450 SE2d 310) (1994).
[17] *Faison v. State*, 199 Ga. App. 447, 448-449 (1) (405 SE2d 277) (1991).
[18] *Moore v. State*, 242 Ga. App. 249, 250 (1) (a) (529 SE2d 381) (2000).
[19] *Howard v. State*, 215 Ga. App. 342, 344 (2) (450 SE2d 824) (1994).

unequivocal testimony of eyewitnesses (*Bowdry v. State*[20]), we have found the erroneous admission of similar transaction evidence harmless. See generally *Faison*, supra, 199 Ga. App. at 449 (1).

Here, the evidence of Duvall's guilt of possessing the prescription pills was not only uncontroverted but Duvall freely testified to such possession at trial, and his trial counsel even argued that such occurred in closing argument. Because Duvall's argument that he was unaware the pills were a controlled substance under the law was an invalid defense, it is highly probable that the admission of the similar transaction did not contribute to the guilty verdict. See *Weaver v. State*[21] (erroneous admission of similar transaction was harmless error where defendant admitted that he took part in the robbery); *Wheat v. State*[22] (assuming erroneous admission of similar transaction, court held there was no harm where evidence of possessing cocaine was uncontroverted).

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED JULY 19, 2010 —
RECONSIDERATION DENIED AUGUST 9, 2010 — 

*Teresa L. Smith, James C. Bonner*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, T. Buckley Levins, Assistant District Attorney*, for appellee.

---

[20] *Bowdry v. State*, 211 Ga. App. 626, 627 (440 SE2d 59) (1994).
[21] *Weaver v. State*, 246 Ga. App. 504, 505 (1) (540 SE2d 687) (2000).
[22] *Wheat v. State*, 205 Ga. App. 388, 389 (2) (422 SE2d 559) (1992).