A11A0750. JACKSON v. THE STATE.
(710 SE2d 649)

MIKELL, Judge.

Nathaniel Lawrence Jackson was convicted of two counts of aggravated child molestation and one count of child molestation and was sentenced to life in prison without the possibility of parole. He appeals from the denial of his motion for new trial, asserting that the trial court erred in admitting similar transaction evidence and that his counsel rendered ineffective assistance. We affirm for the reasons set forth below.

---

Construed in the light most favorable to the verdict,[1] the evidence shows that the victim, G. W., was 12 or 13 years old when he began living with Jackson, whom he called "Uncle Nick." G. W. described their "routine" as follows: Jackson would wake him up, take him into Jackson's bedroom, take off G. W.'s clothes, tell him to lie on his stomach, give him a massage, and then anally penetrate G. W. with his penis. Jackson also had G. W. perform oral and anal sex on him. The sexual abuse continued for three or four years. Although Jackson does not enumerate the general grounds as error, we find the evidence sufficient to support his conviction beyond a reasonable doubt.[2]

1. Jackson contends the trial court erred in admitting similar transaction evidence regarding his prior aggravated molestation of another young boy, arguing that the state failed to show that it sought to introduce the evidence for an appropriate purpose.

> Before evidence of prior crimes is admissible, the trial court must determine that the [s]tate has affirmatively shown that: (1) the [s]tate seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter.[3]

"Appropriate purposes include showing motive, plan, scheme, bent of mind, and course of conduct."[4] Evidence of similar crimes is admissible where its relevance to show such purposes outweighs its prejudicial impact.[5] "As a general rule, the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence."[6] A trial court's decision to admit similar transaction evidence will be upheld absent an abuse of discretion.[7]

In the case at bar, the state gave notice of its intent to introduce evidence concerning a 1989 case in which Jackson pled guilty, but mentally ill, to aggravated child molestation based on acts of anal

---

[1] *Woods v. State*, 304 Ga. App. 403 (1) (696 SE2d 411) (2010).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citations omitted.) *Pareja v. State*, 286 Ga. 117, 119 (686 SE2d 232) (2009).

[4] (Citation and footnote omitted.) *Cook v. State*, 276 Ga. App. 803, 809 (6) (625 SE2d 83) (2005).

[5] *Pareja*, supra.

[6] (Citation, punctuation and emphasis omitted.) *Woods*, supra at 406 (2); *Williams v. State*, 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003).

[7] *Pareja*, supra at 121.

penetration and oral sodomy committed against an eight-year-old boy. At the similar transaction hearing, the state proffered evidence that Jackson was a handyman at the apartment complex where the victim lived, and the victim helped Jackson with odd jobs in exchange for cash. This victim testified at trial that Jackson asked him if he wanted to make more money, then took him into an abandoned apartment, ordered him to remove his clothes, and anally penetrated him. Jackson had previously performed oral sex on the child.

At the hearing, the state indicated that it wished to introduce the similar transaction evidence for all appropriate purposes: identity, plan, motive, bent of mind, and course of conduct. The trial court ruled that the evidence would be admissible for the purpose of showing Jackson's bent of mind, course of conduct, and lustful disposition.

> In cases of sexual abuse of children, evidence of prior sexual acts performed on other children is admissible to show the lustful disposition of the defendant toward children, and, because there is seldom a competent witness other than the victim to what occurred, to corroborate testimony of the victim as to the acts charged.[8]

As the evidence of Jackson's prior aggravated child molestation was appropriate for showing Jackson's lustful disposition toward molesting young boys, the trial court did not abuse its discretion in admitting the similar transaction into evidence.[9]

2. Jackson argues that his counsel rendered ineffective assistance by failing to object to certain remarks made by the prosecutor during closing argument.

> To prevail on his ineffectiveness claim, Jackson must show that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the outcome of his trial would have been different. Moreover, in ruling on an ineffectiveness claim, this Court need not analyze the deficient performance prong if the Court determines the prejudice prong has not been satisfied.[10]

---

[8] (Citation and punctuation omitted.) *Cook*, supra; accord *Mikell v. State*, 281 Ga. App. 739, 742 (2) (637 SE2d 142) (2006); *Williams*, supra.

[9] *Cook*, supra at 809-810 (6); *Mikell*, supra at 742-743 (2).

[10] (Punctuation and footnotes omitted.) *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007).

On appellate review, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[11]

Here, Jackson contends that the prosecutor improperly expressed his personal belief in the veracity of the victim when he argued as follows:

> Now, how do we know that the act that we are alleging was to arouse and satisfy the sexual desires of the defendant and the victim in this case? . . . Well, what did [G. W.] testify to? . . . [G. W.] . . . said the defendant gave me specific instructions. He said put some lotion on, but just on the tip. He said just put a little bit on the tip, and then go ahead and penetrate me. . . . [T]hat is what we call a contextual detail. If [G. W.] is going to stand up there and lie, how is he going to think to lie specifically about where the defendant told him to put the lotion? . . . If [G. W.] is going to lie, why not just say the defendant just said hey, wake up, I want you to do this? Look at the contextual details. . . . Why would he lie about having sucked the defendant's penis for 30 minutes if, in fact, he didn't have to . . . ? This is not somebody who is making something up. This is not somebody who is going to lie. . . . If he was going to lie[,] or if I was going to tell him what to say, . . . it would be just "naked," but instead[,] we get "butt naked," both of them.

"It is improper for counsel to state to the jury counsel's personal belief as to the veracity of a witness; however, it is not improper for counsel to urge the jury to draw such a conclusion from the evidence."[12] Moreover, "[c]losing arguments are judged in the context in which they are made."[13] The prosecutor's argument during closing that G. W. could not have been lying due to the level of detail in his testimony merely urged the jury to make a deduction about his veracity based upon the evidence adduced at trial.[14] The remarks did not constitute a statement of the prosecutor's personal belief as to the victim's veracity,[15] and any objection thereto would have been meritless. "Failure to make a meritless objection cannot be evidence

---

[11] (Citation and punctuation omitted.) *Adams v. State*, 283 Ga. 298, 299 (3) (658 SE2d 627) (2008).

[12] (Citation and punctuation omitted.) Id. at 302 (3) (e).

[13] (Citation omitted.) Id.

[14] See *Moody v. State*, 273 Ga. 24, 27 (4) (537 SE2d 666) (2000).

[15] Id.; accord *Allen v. State*, 277 Ga. 502, 504 (3) (d) (591 SE2d 784) (2004); *Mason v. State*, 274 Ga. 79, 80 (2) (b) (548 SE2d 298) (2001); *Boyd v. State*, 289 Ga. App. 342, 345 (4) (656 SE2d

of ineffective assistance."[16]
*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 28, 2011.

*Hollowell, Foster & Herring, Jolanda E. Herring*, for appellant.
*R. Javoyne Hicks White, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.

---

864) (2008). Compare *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000) (" 'You look at what you heard from the officer, who I thought was very credible.' ").

[16] (Citation and punctuation omitted.) *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004); *Boyd*, supra.