**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 25, 2014

# In the Court of Appeals of Georgia

A14A0189. GRIFFIN v. THE STATE.

RAY, Judge.

Following a jury trial, Richard Thomas Griffin was convicted of two counts of aggravated sexual battery (OCGA § 16-6-22.2) and one count of child molestation (OCGA § 16-6-4). He appeals from his convictions and the denial of his motion for new trial, asserting that the trial court erred in admitting similar transaction evidence and in instructing the jury on the appropriate purposes for considering similar transaction evidence. We affirm for the reasons set forth below.

Construed in the light most favorable to the verdict, *Woods v. State*, 304 Ga. App. 403 (1) (696 SE2d 411) (2010), the evidence shows that the victim, H. G., was between the ages of three and five years old when she was sexually abused by her step-grandfather, Griffin. In her initial outcry to her mother, H. G. stated that Griffin

had pulled her across his lap, pulled down her panties, and stuck his fingers inside of her vagina. H. G. also told her mother that she saw Griffin hold his penis and that he had threatened to kill her if she told anyone. H. G. further stated that Griffin had inserted his finger in her vagina on several other occasions. H. G. gave consistent statements regarding this sexual abuse to the pediatric physician who examined her and later during a forensic interview. At trial, H. G. testified that Griffin called her into her room to get a toy, then picked her up, laid her across his lap, pulled down her pants, and inserted his finger into her vagina. She further testified that Griffin had threatened to kill her if she told her mother.

At trial, the State presented evidence of a similar transaction that involved S. H., the seven-year-old daughter of a woman who had previously been romantically involved with Griffin's son. S. H. testified that one night when she was sleeping in bed with her aunt, Griffin came into the room and began touching her. S. H. further testified that Griffin tried to pull down her pants, touched her "inside" her privates with his hand, and then made her touch his penis.

1. Griffin argues that the trial court erred in admitting the similar transaction evidence because the separate incident was not sufficiently similar to the charged offenses in this case. We discern no error.

2

Before evidence of an independent act is admissible, the trial court must determine, inter alia, that the State has affirmatively shown that "there is a sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter." (Citation omitted.) *Pareja v. State*, 286 Ga. 117, 119 (686 SE2d 232) (2009). "As a general rule, the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence." (Footnote omitted.) *Jackson v. State*, 309 Ga. App. 450, 451 (1) (710 SE2d 649) (2011). In determining the admissibility of similar transaction evidence, the proper focus is on the similarities, and not the differences, between the independent act and incident on trial. However, a higher degree of similarity is required when such evidence is introduced to prove identity. See *Hunt v. State*, 288 Ga. 794, 797-798 (3) (708 SE2d 357) (2011). We review a trial court's decision to admit similar transaction evidence under the abuse of discretion standard. *Jackson*, supra.

Here, both victims were young girls to whom Griffin served as a grandfather figure, each victim's mother was romantically involved with Griffin's son, both incidents took place in the victims' bedrooms, Griffin touched each victim's vagina, and Griffin exposed his penis in the presence of each victim. As these facts

demonstrate sufficient similarities between the independent acts and the crimes charged in this case such that the proof of the former tended to prove the latter, we find that the trial court did not abuse its discretion in admitting this similar transaction evidence.

2. Griffin contends the trial court erred when it provided the jury with a "comprehensive list" of possible purposes for which to consider the similar transaction evidence. We discern no error.

Specifically, Griffin contends that the trial court, prior to the presentation of the similar transaction evidence, instructed the jurors that they could consider the evidence to show "the identity of the perpetrator, state of mind, knowledge or intent of the defendant in the crimes charged in the case[.]" However, the record shows that the trial court actually instructed the jury prior to the presentation of similar transaction evidence that it could consider such evidence "for the limited purpose of showing . . . identity, motive, bent of mind or course of conduct[.]"[1] These are all appropriate purposes for considering similar transaction evidence, *Jackson*, supra., and the trial court's instruction was consistent with the specific purposes for which the State sought to admit the similar transaction evidence.

---

[1] Griffin did not object to this limiting instruction.

4

However, in its charge to jury at the end of trial, the trial court did instruct the jury that the similar transaction evidence "may be considered for the limited purpose of showing . . . the identity of the perpetrator, state of mind, knowledge or intent of the defendant in the crimes charged in [this] case[.]" Griffin did not object to this charge.

Despite the lack of objection below, however, the expansion of the jury instructions was raised in Griffin's amended motion for new trial, and the content of the trial court's instruction was enumerated as error on appeal. In accordance with our Supreme Court's decision in *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011), and the mandate of OCGA § 17-8-58 (b), we shall review the charge to determine whether it constituted plain error. *Kelly*, supra. Although Griffin does not argue in his appellate brief that plain error resulted from the "expansion" of the trial court's instruction on similar transaction evidence, upon our review under the standard set forth in *Kelly*, supra, we discern no plain error.

In *McTaggart v. State*, 225 Ga. App. 359, 364-365 (2) (483 SE2d 898) (1997), overruled on other grounds in *Wall v. State*, 269 Ga. 506, 508-510 (2) (500 SE2d 904) (1998), we determined that there was no error in giving a broader charge encompassing multiple purposes so long as the trial court had held a similar

5

transaction hearing, had made a determination regarding admissibility, and had given an instruction when the evidence was admitted which limited the jury's consideration of the extrinsic act evidence to legitimate purposes. Likewise, in *McClain v. State*, 220 Ga. App. 474, 476 (5) (469 SE2d 756) (1996), we held that the trial court's instruction which encompassed more than the State's stated purpose for admission was not error because the additional purpose cited in the charge was "permissible." We also found no error in a charge authorizing the jury to consider the evidence for more legitimate purposes than that for which it was proffered at the similar transaction hearing when the additional purpose was permissible and relevant to the State's prima facie case. *Livery v. State*, 233 Ga. App. 332, 335 (1) (c) (503 SE2d 914) (1998). Compare *Stephan v. State*, 205 Ga. App. 241, 243 (2) (422 SE2d 25) (1992) (where State did not specify the purpose for which it intended to offer similar transaction evidence, and trial court made no requisite determination regarding a limited purpose, the trial court's recitation of a comprehensive list of possible purposes did not sufficiently limit the purpose for which the jury should consider the evidence).

As the trial court gave an appropriate limiting instruction prior to the admission of the similar transaction evidence, *McTaggart*, supra, and because the purposes cited

6

in the trial court's final charge were permissible and relevant to the State's case, *Livery*, supra, we find no plain error in the trial court's charge to the jury.

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur.*