## A96A1679. PERKINS v. THE STATE.
### (479 SE2d 471)

SMITH, Judge.

Robert Earl Perkins was charged with attempted child molestation. He was found guilty by a jury, and he appeals.

1. Perkins raises the general grounds. Construed to support the jury's verdict, the evidence at trial showed that Perkins's twelve-year-old niece by marriage was babysitting at her home with a six-year-old child of whom Perkins and his wife had custody. Perkins came to the home of the victim to pick up the six-year-old. In saying good-bye, he approached his niece in the hallway, kissed her on the mouth and tried to place his tongue in her mouth while rubbing her

buttocks. The victim pushed him away and returned to the living room. Perkins asked her if she intended to tell her mother, and because she was frightened, the victim replied that she would not. When Perkins left, however, she immediately called her mother, who was at work, and asked her to come home. The victim's mother, who is Perkins's wife's sister, testified that her daughter was upset and crying. The victim's family immediately reported the incident to the sheriff's office.

A videotape of the interview with the victim conducted by the Sheriff's Department investigator was played for the jury. The State also introduced evidence of two similar transactions, each of which involved an incident of sexual contact between Perkins and one of his nieces. In one instance, Perkins's niece, who was twenty-three at the time of trial, testified that Perkins had fondled her breasts and buttocks when she was about nine years old. At the time, Perkins told her she should not tell anyone because it would affect his marriage. In the other instance, another adult niece, the victim's older sister, testified that when she was about six or seven years old, Perkins took her into a bedroom, exposed his penis, and placed her hand and then her mouth around it. He then told her it would be wrong if she told anyone.

Perkins testified and admitted that he kissed the victim on the mouth. He denied, however, that he attempted to place his tongue in her mouth. He testified that he touched the victim on her back, but claimed he touched her above her shoulder blades. He later contradicted this testimony, however, insisting that he touched her below her shoulder blades. He denied that the victim pushed him away, testifying instead that he turned away himself and left after kissing her. He testified regarding the incidents with his older nieces that they "never happened."

Perkins contends that his actions do not show either an indecent act or a substantial step toward any act of child molestation. He maintains that he simply left after kissing his niece good-bye. We do not agree.

An attempt to commit a crime involves three elements: the intent to commit the crime, performance of a substantial step towards its commission, and failure to complete the crime. *Wittschen v. State*, 259 Ga. 448 (1) (383 SE2d 885) (1989). We find all three elements present in this case.

The evidence was in conflict. The jury was not required to believe Perkins's testimony, which conflicted with that of the victim. The jury could have believed instead the victim's testimony that Perkins tried to push his tongue into her mouth and fondled her buttocks, that she pushed him away, and that Perkins was concerned about whether she would tell her mother. Given this testimony, as well as

the victim's demeanor when she reported the incident to her mother and the similar transaction evidence, the jury could have determined that Perkins would have placed his tongue in the victim's mouth and committed other indecent acts with the victim in order to satisfy his own sexual desires. OCGA § 16-6-4 (a).

The jury could also have concluded from the evidence that Perkins left only when the victim pushed him away, having taken a substantial step toward any further molestation by kissing her, attempting to place his tongue in her mouth (although not actually doing so), and fondling her buttocks. Under OCGA § 16-4-1, this constituted a criminal attempt to commit child molestation. The evidence was therefore sufficient to authorize the jury to find Perkins guilty of attempted child molestation under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Perkins also contends the trial court erred in refusing to charge the jury on abandonment of the effort to commit a criminal act. We find no error.

OCGA § 16-4-5 (a) provides that "[w]hen a person's conduct would otherwise constitute an attempt to commit a crime under Code Section 16-4-1, it is an affirmative defense that he abandoned his effort to commit the crime or in any other manner prevented its commission under circumstances manifesting a voluntary and complete renunciation of his criminal purpose." Here, the evidence did not show that Perkins abandoned his effort under either version of the incident.

Taking the victim's version as true, Perkins left only after the victim pushed him away; his concern was only that she might tell her mother. He left after he had completed the attempt by making a substantial step toward committing child molestation. Because the evidence showed the completed crime of attempted child molestation, it was not error to refuse to charge on abandonment. *Freese v. State*, 196 Ga. App. 761, 764-765 (4) (396 SE2d 922) (1990).

Perkins's version of the incident is also inconsistent with abandonment, because he testified that he never intended to molest the victim and never took a substantial step toward committing the crime. He merely kissed his niece good-bye. It is not error to refuse to give a requested charge that is not adjusted to the evidence presented. *Lawson v. State*, 214 Ga. App. 464, 465-466 (2) (448 SE2d 14) (1994). The trial court did not err in refusing to give this requested charge.

3. Perkins maintains the trial court erred in admitting the similar transactions evidence because the two prior incidents were not similar to the incident in issue and because they occurred between fifteen and twenty years ago.

Perkins argues that the similar transactions were insufficiently

similar because the type of sexual contact in those incidents was different: one incident involved fondling of both breasts and buttocks; the other involved hand and mouth contact with Perkins's penis. No requirement exists, however, that similar transactions be absolutely identical to the charged crime. The rule allowing similar transaction evidence to be admitted is most liberally applied when the charged crimes are sexual offenses. This Court has held that the sexual molestation of young children or teenagers, regardless of the gender of the victim or the type of act, is sufficiently similar to be admissible as a similar transaction in such cases. *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993).

Although lapse of time between the prior molestations and the charged crime is a factor to be weighed, it is not wholly determinative of admissibility. *Bryson v. State*, 210 Ga. App. 642, 643 (2) (437 SE2d 352) (1993). The similar transactions here occurred less than 31 years prior to the charged crime, and their admission is therefore not barred by the holding in *Gilstrap v. State*, 261 Ga. 798, 799 (410 SE2d 423) (1991). Here, as in *Bryson*, the time lapse may be explained by the fact that Perkins displayed a pattern of molesting his nieces. Although the victims are all Perkins's nieces, because they are of different ages the crimes occurred over a considerable period of time. We conclude, therefore, that the trial court's admission of the similar transaction was not error.

*Judgment affirmed. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 17, 1996.

*Robert D. Pope*, for appellant.

*T. Joseph Campbell*, District Attorney, *Sharon M. Fox*, Assistant District Attorney, for appellee.

