**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 1, 2014**

# In the Court of Appeals of Georgia

A14A0095. ROBERSON v. THE STATE.

BARNES, Presiding Judge.

A Camden County jury found Donnie Roberson guilty of two counts of child molestation and three counts of felony sexual battery. Following the denial of his motion for new trial, Roberson appeals and contends that the evidence was insufficient to support his conviction, the trial court erred in admitting similar transaction evidence, his trial counsel was ineffective, and the trial court erred in instructing the jury on the credibility of a witness.[1] Upon our review, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence

---

[1] Roberson was tried in 2009, so Georgia's new Evidence Code does not apply to this case. See Ga. L. 2011, p. 99, § 101 ("This Act shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date.")

was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Stepho v. State*, 312 Ga. App. 495, 496 (718 SE2d 852) (2011).

So viewed, the evidence demonstrates that in January of 2008, the then 14-year-old victim was visiting her grandmother and Roberson, who was her step-grandfather. While her grandmother was away, Roberson approached the victim while she was in bed and touched her vagina and breast. During Thanksgiving of 2008, the victim was asleep on the sofa while visiting her grandmother and Roberson when Roberson pulled down her shorts and pulled up her shirt and "started touching [her]. . . vagina and . . . breasts." The victim pretended to be asleep and Roberson "pulled down his shorts and . . . took out his penis." When the victim's uncle walked into the room, Roberson quickly covered the victim, sat on the floor and pretended like nothing happened. In December of 2008, the victim told her great-aunt about the incident, and when the great-aunt later confronted Roberson, he told her that he "needed help," "[t]hat he [had] already talked to God . . . and confessed to God about this," and that he had "touched [the victim] here and there." Thereafter, the victim's

2

"mother"[2] reported the incident to police, and following an investigation, Roberson was arrested for the crimes charged.[3]

At the trial, the State presented evidence of two similar transactions. As to the first incident, the great-aunt testified that in 1985 or 1986, when she was 14 years old, she was riding in a car with Roberson when he stopped the car, turned off the engine, touched her leg and said that he "wanted to give [her] a little money because he wanted some of this pussy." The two struggled, but she escaped from his car and hid until Roberson drove away. The great-aunt said that she told her mother and her sister, who was Roberson's wife, but when confronted, Roberson told them that he had never intended to hurt her, and nothing further was done.

As to the second incident, the woman the victim refers to as her mother testified that in 1980 or 1981, when she was about 10 or 11 and Roberson was in his twenties, she and Roberson were joking around with each other and he threatened to put his penis on her head if she repeated something she had said. When she did, Roberson took his penis out and put it on her head. She did not report the incident.

---

[2] The woman referred to as the victim's mother is one of the grandmother's sisters, and is also the victim's great-aunt.

[3] The officer in charge of the investigation did not testify at trial and apparently was in training at the time of the trial.

1. Roberson contends that the evidence was insufficient to sustain his convictions for the crimes charged because there was no evidence corroborating the victim's testimony and no other witnesses had seen anything happen between him and the victim. This argument is unpersuasive. Contrary to Roberson's contention otherwise, "Georgia law . . . does not require corroboration of a child molestation victim's testimony. Thus, the testimony of the victim[], standing alone, was sufficient to support [Roberson's] convictions." (Citations and punctuation omitted.) *Brown v. State*, 324 Ga. App. 718, 720 (1) (751 SE2d 517) (2013). [4]

2. Roberson also contends that the trial court erred in admitting similar transaction evidence involving the victim's mother and great-aunt. He contends that the evidence should not have been admitted because the State did not sufficiently establish that he committed the similar transactions, the transactions were not

---

[4] Pursuant to OCGA § 16-6-4 (a) (1), "A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. . . ." "A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person," OCGA § 16-6-22.1 (b), and "[a] person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony.. . ." OCGA § 16-6-22.1 (d).

sufficiently similar to the present allegations, and the time between the similar transactions and the present transaction was too remote.

> The exception to the general rule that evidence of other crimes is not admissible has been most liberally extended in the area of sexual offenses: In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.

(Footnote omitted.) *Brown v. State*, 275 Ga. App. 281, 284 (2) (620 SE2d 394) (2005). We will not reverse a trial court's decision to admit similar transaction evidence absent an abuse of discretion. *Parker v. State*, 283 Ga. App. 714, 721 (3) (642 SE2d 111) (2007).

Here, after conducting a pre-trial hearing, the trial court admitted evidence of the two similar transactions for the purpose of showing Roberson's course of conduct and lustful disposition toward victims of a certain age, and found that the requirements under *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) had been met. Per *Williams*, the State must make three affirmative showings. *Williams*, 261 Ga. at 642 (2) (b). First, it must identify a proper purpose for the admission of the

5

evidence; second, it must establish that the defendant committed the separate act or offense; and third, it must show "a sufficient similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

Roberson does not challenge that the evidence was admitted for a proper purpose, but maintains that the State failed to prove that he committed the similar transactions because the only evidence presented was the victims' testimony. However,"it is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible." (Citations and punctuation omitted.) *Whitman v. State*, 316 Ga. App. 655, 656 (729 SE2d 409) (2012). In fact, "even when the prior acts of the defendant do not amount to crimes, evidence of those acts may be admissible if it tends to show that the defendant had a lustful disposition with respect to preteen or teenaged [children]." *Bibb v. State*, 315 Ga. App. 49, 51 (2) (b) (726 SE2d 534) (2012).

Likewise, regarding his challenge to the similarity of the transactions, there is no requirement that similar transactions be absolutely identical to the charged crime. *Perkins v. State*, 224 Ga. App. 63, 66 (3) (479 SE2d 471) (1996). See also *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993) ("Sexual molestation of

young children, as well as teenagers, regardless of sex or type of act, is sufficient similarity to make the evidence admissible.") Here, the differences in the specific acts of molestation would not render the similar transactions inadmissible. See *Woods v. State*, 304 Ga. App. 403, 406-407 (2) (696 SE2d 411) (2010). Based upon the record in this case, the trial court did not abuse its discretion in allowing evidence of the past similar transactions because of the similarities to the instant crimes and their probative value showing Roberson's pattern of molesting female family members of a certain age. See, e.g., *Perkins*, 224 Ga. App. at 66 (3).

Moreover, although Roberson contends that the previous transactions were too remote in time to the present acts, "[w]here, as here, the similar transaction evidence is otherwise admissible, a time lapse such as [was present here] goes to the weight and credibility of the evidence and does not demand its exclusion." (Punctuation and footnote omitted.) *Copeland v. State*, 276 Ga. App. 834, 837 (1) (625 SE2d 100) (2005). Roberson argues that the prejudicial impact of acts that occurred more than 20 years before the current act substantially outweighed any probative value, and cites *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991) in support of his argument. In *Gilstrap*, our Georgia Supreme Court found that evidence of "an event 31 years in the past is too remote" to be admitted as similar transaction. Id. at 799 (1)

(b). However, the Court later explained that *Gilstrap* did not create a bright-line rule regarding the admissibility of remote similar transaction evidence. *Pareja v. State*, 286 Ga. 117, 121 (686 SE2d 232) (2009). Instead, the prejudicial impact of similar transactions that are remote in time may be outweighed by their probative value depending on the particular facts of each case and the purpose for which the similar transactions are being offered. Id. at 119-120. Moreover, "[w]here different generations are involved, as in the case sub judice, obviously many years are going to lapse between the acts." (Citation omitted.) *Bryson v. State*, 210 Ga. App. 642, 644 (2) (437 SE2d 352) (1993). See *Wright v. State*, 259 Ga. App. 74, 75 (1) (576 SE2d 64) (2003) (34 years not too remote where similar transaction evidence showed a pattern of sexual abuse against several generations of the same family.)

In this case, we find no abuse of discretion in the trial court's decision to admit evidence of Roberson's past inappropriate sexual contact with female family members who were in the same age-group as the victim when the past acts occurred.

3. Roberson also contends that his trial counsel was ineffective for failing to submit any pretrial motions or jury instructions, and for failing to conduct any investigation of the case. We do not agree.

8

To prove his claim of ineffective assistance of counsel, Roberson must establish both prongs of the test set forth in *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984): (1) that his trial counsel's performance was deficient and (2) that counsel's inadequate performance "so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency." (Punctuation and footnote omitted.) *Ward v. State*, 274 Ga. App. 511, 514 (4) (618 SE2d 154) (2005). "Failure to satisfy either prong of this two-part test is fatal to an ineffective assistance claim." Id. at 515 (4).

At the hearing on the motion for a new trial, trial counsel testified that he did not file any pre-trial evidentiary motions because "there wasn't a custodial statement. There wasn't anything to suppress. We entered agreements on some things that weren't coming in. Discovery had been provided." According to trial counsel, he did not "see the need to file any motions." He further explained that he had not filed requests to charge because he was satisfied with the pattern charges in the case, and there had been no dispute over the jury charges. "[T]rial tactics and strategy . . . are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and footnote omitted.) *Lewis v. State*, 275 Ga. App. 41, 44 (3) (619 SE2d 699) (2005).

9

Further, although Roberson asserts that his trial counsel was ineffective for failing to file pretrial motions, more fully investigate his case, or submit certain jury instruction, he provides absolutely no argument as to how the outcome would have been different absent these deficiencies. To show prejudice, "[t]he likelihood of a different result must be *substantial*, not just conceivable." (Citation omitted; emphasis supplied.) *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012). Here, Roberson provides no guidance as to what evidence might have been gleaned through further investigation. Although he contends that trial counsel neglected to file evidentiary pretrial motions, "such as a request for education or Department of Family and Children's Services . . . records" for the victim, he makes no further proffer as to what evidence he expected to find as a result of any pre-trial motions. Likewise, he contends that trial counsel was deficient for failing to file any jury charges, but Roberson provides no further argument as to what charges trial counsel should have put forth.

Thus, as Roberson has failed to demonstrate that his trial counsel's performance was deficient or prejudicial, his ineffectiveness claim fails.

4. Roberson's objection to what he contends was the use of "disfavored language" by the trial court in its jury instruction is also meritless. The trial court instructed the jury that:

> In passing upon credibility you may consider all the facts and circumstances of this case, the witness's manner of testifying, their interest or lack of interest, their means and opportunity for knowing the facts which they testify about, the nature of the facts which they testify about, the probability or improbability of their testimony and of the occurrences which they testify about. You may also consider their personal credibility insofar as it may legitimately appear from the trial of this case. *When you consider the evidence in this case if you find a conflict you should settle this conflict if you can without believing that any witness has made a false statement.* If you cannot do this, then you should believe that witness or those witnesses you think best entitled to belief. You must determine what testimony you will believe and what testimony you will not believe. (Emphasis supplied.)

Even assuming that this language can be construed as a "presumption-of-truthfulness" charge which our Georgia Supreme Court in *Noggle v. State*, 256 Ga. 383, 386 (4) (349 SE2d 175) (1986), held "can be misleading and is of little positive value," our Supreme Court has further held that "the use of such a charge is not unconstitutional and does not constitute reversible error." (Citation and punctuation omitted.) *Blackmon v. State*, 272 Ga. 858, 860 (3) (536 SE2d 148) (2000). Moreover,

11

"jury instructions must be read and considered as a whole." *Whitaker v. State*, 283 Ga. 521, 525 (4) (661 SE2d 557) (2008). Here, the trial court fully charged the jury on determining the credibility of witnesses, resolving conflicts in the evidence and the ways in which witnesses may be impeached. "When read in context, the charge here was not misleading. . . ." *Blackmon v. State*, 272 Ga. at 860 (3).

*Judgment affirmed. Boggs and Branch, JJ., concur*.