**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 16, 2015

# In the Court of Appeals of Georgia

A15A0052. RAGLAND v. THE STATE.

MCFADDEN, Judge.

Terrance Devon Ragland appeals his convictions of rape and enticing a child for indecent purposes. Ragland argues that he received ineffective assistance of counsel but has failed to overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. He argues that the trial court improperly admitted evidence of a similar transaction but has failed to show that the trial court abused its discretion in admitting that evidence. Finally he argues that the evidence does not support his convictions, but we find the evidence sufficient. We therefore affirm.

1. *Sufficiency of the evidence*.

In considering whether the evidence is sufficient to support a defendant's conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). So viewed, the evidence showed that on the evening of June 23, 2010, the 13-year-old victim was walking to her aunt's house when a man drove up and offered her a ride. She recognized the man because he had spoken with her mother before. She therefore felt safe with him and accepted the ride.

Instead of driving the victim to her aunt's house, the man drove her behind a vacant apartment building. He locked the doors of the vehicle and climbed into the back seat where the victim was sitting. Then he held her down, removed her pants, and put his penis in her vagina.

At one point, the man got off the victim, returned to the driver's seat, and began driving. When he slowed down, the victim got out of the car and ran to her aunt's house. She told her aunt what had happened and the aunt called the victim's mother, who came over, as did police.

2

The victim described the man's appearance, his clothing, and his car, and told her mother that the man said he knew her. The mother determined that the victim was referring to Ragland and told the police. An officer drove the victim and her mother to the hospital, where, from a photograph, the victim identified Ragland as the perpetrator. The emergency room physician who examined the victim testified that the victim's hymen had been lacerated and her cervix bruised, injuries that were consistent with the victim having been sexually assaulted.

Ragland testified on his own behalf at trial. He admitted that he had sexual intercourse with the victim. But he testified that the victim had told him that she was 17 years old. He also testified that the sex was consensual.

The evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Ragland was guilty of the crimes of which he was convicted. *Jackson*, supra, 443 U. S. at 319 (III) (B).

2. *Effective assistance of counsel.*

Ragland argues that he received ineffective assistance of counsel in two regards. Because Ragland failed to call trial counsel to testify at the motion for new trial hearing, however, he has failed to overcome the presumption that counsel's performance fell within the wide range of reasonable professional assistance.

3

To prevail on his claim of ineffective assistance of counsel, Ragland is required to show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). If Ragland "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted).

The first instances about which Ragland complains occurred during the testimony of a police officer. On direct examination, the officer described driving around, looking for Ragland's vehicle, when he saw the victim's grandmother. He testified that the grandmother, "asked me what I was doing, was I looking for the guy that raped her granddaughter. . . . And she told who it was and told me about an incident that had happened earlier." The prosecutor responded, "Sorry, I don't want you to get into what somebody else said." Defense counsel did not object.

Then on cross-examination, defense counsel asked the officer whether he was able to determine where Ragland lived. The officer responded, "Yeah, I know for a fact that he lived there. I've had several cases involving him before." Defense counsel moved for a mistrial. The trial court denied the motion, and defense counsel declined

4

the offer of a curative instruction. The trial court asked, "You've reconsidered whether or not that might be advantageous or disadvantageous to your client?" Defense counsel responded, "Yes, Your Honor."

Another instance about which Ragland complains concerns trial counsel's failure to call as a defense witness a doctor who examined the victim two weeks after the incident and, according to Ragland, would have cast doubt on the testimony of the emergency room doctor who examined the victim on the night of the incident.

None of these instances of allegedly ineffective assistance of counsel entitles Ragland to reversal because he has not overcome the

> strong presumption that counsel's performance [fell] within the wide range of reasonable professional assistance. This presumption is particularly difficult to overcome where, as here, trial counsel [was] not [called] to testify [at the hearing on the motion for new trial] . . . . [Ragland] made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy. No evidence was presented from which to determine, for example, trial counsel's assessment of [the benefit of objecting to the officer's testimony about the victim's grandmother's statement, particularly when the prosecutor instructed him to avoid hearsay]. Trial counsel's decisions relating to strategy and tactics are not judged by hindsight. From the evidence presented in this case, [Ragland] failed to defeat the

strong presumption of counsel's reasonable professional assistance. The *Strickland* test requires [Ragland] to show both deficient performance of trial counsel as well as prejudice from the deficient performance. Having failed to carry this burden with respect to a showing of deficient performance, we find no error in the trial court's denial of that portion of [Ragland's] motion for new trial dealing with these purported deficiencies of counsel.

*Jones v. State*, __ Ga. __, __ (4) (__ SE2d __) (Case No. S14A1749, decided Feb. 16, 2015) (citations and punctuation omitted).

3. *Similar transaction evidence*.

Ragland argues that the trial court erred by admitting evidence of a similar transaction, which, he claims, was not admissible for any proper purpose, was not sufficiently similar to the crime on trial, and thus served only as improper evidence of his character and propensity to commit the crimes.[1] We disagree.

---

[1] "Because this case was tried prior to January 1, 2013, Georgia's old Evidence Code applies here." *Bragg v. State*, 295 Ga. 676, 677 n. 3 (763 SE2d 476) (2014). In general, the new Evidence Code eliminates bent of mind and course of conduct as permissible purposes for the admission of similar transaction evidence. *Algren v. State*, 330 Ga. App. 1, 4 (1) n. 13 (764 SE2d 611) (2014). But "in criminal proceedings in which the defendant is accused of a sexual assault[ or child molestation], the new Code includes [] provision[s] for the admission of certain prior sexual assaults or child-molestation offenses for bearing on any matters to which they are relevant. See OCGA §§ 24-4-413; 24-4-414." Id.

6

The similar transaction victim testified at trial that ten months before the incident for which Ragland was on trial, she was walking to the gym one evening when Ragland grabbed her, pulled her across the street to the grounds of a church, and raped her. She was 13 years old at the time. At the time of the commission of the instant crime, Ragland had not been arrested for the similar transaction because the police had not yet received the DNA results from the similar transaction.

Before admitting similar transaction evidence,

> the trial court must determine that the [s]tate has affirmatively shown that: (1) the [s]tate seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter.

*Pareja v. State*, 286 Ga. 117, 119 (686 SE2d 232) (2009) (citation omitted). We review the trial court's decision to admit similar transaction evidence for an abuse of discretion. Id. at 121.

Here the state sought to introduce the similar transaction evidence for the proper purpose of showing Ragland's course of conduct, intent, modus operandi, bent of mind, and lustful disposition. *Scruggs v. State*, 295 Ga. 840, 841 (2) (764 SE2d

7

413) (2014) (course of conduct, intent, bent of mind, and identity); *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001) (modus operandi, course of conduct, and bent of mind); *Williams v. State*, 284 Ga. App. 255, 258 (2) (643 SE2d 749) (2007) (course of conduct, bent of mind, and lustful disposition). The state presented sufficient evidence that Ragland committed the prior act "by presenting the testimony of the victim." *Dean v. State*, 321 Ga. App. 731, 733-734 (1) (a) (742 SE2d 758) (2013). See also *Roberson v. State*, 327 Ga. App. 804, 807 (2) (761 SE2d 361) (2014) (similar transaction victims' testimony alone was sufficient to prove that he committed the similar transactions). And the similarities between the former incident and the crime for which Ragland was on trial are striking: in both, Ragland encountered 13-year-old girls walking by themselves on public streets in the evening, took the girls to secluded spots, and raped them. Particularly given that both were sexual crimes against young girls, the two incidents were sufficiently similar:

> When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. This rule is most liberally extended in cases involving sexual offenses because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent.

*Pareja*, 286 Ga. at 121 (citation omitted).

Ragland has not shown that the trial court abused his discretion in admitting the similar transaction.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur*.