**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 30, 2020**

# In the Court of Appeals of Georgia

A20A1489. WILKERSON v. THE STATE.

MERCIER, Judge.

A jury found Kevin Donald Wilkerson, II, guilty of rape, aggravated child molestation, aggravated sexual battery, enticing a child for indecent purposes, and statutory rape.[1] Following the denial of his motion for new trial, Wilkerson appeals, asserting error in the trial court's jury instructions and in the admission of other act evidence pursuant to OCGA § 24-4-413. We find these claims to be without merit and affirm.

---

[1] Wilkerson was acquitted on a count of incest.

Construing the evidence in favor of the verdict, the record reveals that the victim, E. W., and Wilkerson lived in the same household as brother and sister.[2] In 2006, when Wilkerson was 14 years old and E. W. was 6 years old, Wilkerson forced E. W. into his bedroom where he touched her "private areas." It began with Wilkerson touching E. W. with her clothes on, and progressed to Wilkerson taking her clothes off and touching her "private" with his fingers. E. W. explained that when she "told him no," he would hurt her, on one occasion by pushing her head into the corner of a wall giving her a black eye. She explained further that Wilkerson touched her in this manner nearly every day after school, and that it continued for two years "between the sexual abuse and the physical." When E. W. told her mother that Wilkerson caused the bruising to her eye, her mother called the police and Wilkerson moved out of the home. E. W. disclosed Wilkerson's touching of her "private areas" to her other brother, and later to the Department of Family and Children's Services during an investigation into the living conditions in the home.

In 2015, when E. W. was 14 years old and Wilkerson was 22 years old, she lived with her father and Wilkerson lived in a home next door. One night, E. W.'s

---

[2] There was some evidence presented that Wilkerson and E. W. may not have been biological siblings.

father instructed her to go help Wilkerson because Wilkerson's "PlayStation had disconnected from the Wi-Fi." E. W. went to Wilkerson's home, and after she assisted him with the PlayStation, he told her to "sit down on his bed and he took off my pants. And I told him not to. I told him to stop. And he like raised his arm like he was going to hit me." After taking off E. W.'s pants, Wilkerson put his finger in her vagina, had sexual intercourse with her, and then forced her to put her mouth on his penis. Afterward, Wilkerson told E. W. he would "hurt [her]" if she told anyone.

E. W. explained that Wilkerson called her to his home on at least ten other occasions and she would make excuses not to go: "I would tell him that my dad was awake and or that I was on my period or that I didn't feel good." Nevertheless, E. W. would go because she feared that he would hurt her if she refused. During several of the visits, Wilkerson placed his fingers inside E. W.'s vagina and had sexual intercourse with her. E. W. did not report what Wilkerson had done out of fear, but at some point, she told a friend who called the police.

The State also presented evidence that in 2006, when Wilkerson was 13 or 14, he led a schoolmate, J. O., who was approximately the same age, to a shed in a wooded area and told J. O. to pull his pants down. J. O., an adult at the time of trial, testified that Wilkerson then attempted to "shove" his penis in J. O.'s anus, although

3

he did not "succeed," and tried to force J. O. to perform sodomy on him, but J. O. refused. Wilkerson committed these acts on J. O. on two or three occasions. J. O. made an outcry to a teacher and the incidents were reported to police.

Following the presentation of evidence, the jury found Wilkerson guilty of rape, aggravated child molestation, aggravated sexual battery, enticing a child for indecent purposes, and statutory rape, for the 2015 acts against E. W. The trial court denied Wilkerson's motion for new trial and this appeal followed.

1. Wilkerson challenges the trial court's admission of the other act evidence pursuant to OCGA § 24-4-413. That Code Section provides in relevant part: "(a) In a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant."[3] However, evidence that is admissible under this rule may still be excluded under OCGA § 24-4-403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by

_____

[3] "[S]exual assault" pursuant to this Code Section includes sodomy and any crime that involves "contact, without consent, between any part of the accused's body or an object and the genitals or anus of another person" or any crime that involves "contact, without consent, between the genitals or anus of the accused and any part of another person's body[.]" OCGA § 24-4-413 (d) (1) - (3).

4

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." We will only overturn a trial court's decision to admit other act evidence where there is a clear abuse of discretion. *Holzheuser v. State*, 351 Ga. App. 286, 296 (2) (828 SE2d 664) (2019).

Wilkerson argues that the trial court failed to conduct a Rule 403 balancing test to compare the similarity between the charged offenses and the other act. During the hearing on the matter, following a proffer of the evidence and the argument of both counsel, the trial court ruled, without explanation, that it would allow the prior act. However, there is no requirement that the court explicitly analyze the balancing test on the record. *Dixon v. State*, 350 Ga. App. 211, 215 (1) (828 SE2d 427) (2019). And "absent some express showing that the trial court did not understand its obligation to conduct the balancing test, we will not read such error into the trial court's ruling." Id. at 214 (1). See also *Fetterolf v. State*, 223 Ga. App. 744, 746 (3) (478 SE2d 889) (1996) (decided under the former Evidence Code; trial court not required to conduct balancing test on the record).

Wilkerson further asserts that the State failed to prove the other act was a violation of Georgia law. He argues that the testimony shows at most that Wilkerson's requests were not completed and that nothing occurred by force or against J. O's will.

To the contrary, J. O. testified that Wilkerson forcefully tried to "shove" his penis in J. O.'s anus although he did not "succeed," and attempted to force J. O. to perform sodomy on him. From this testimony, the trial court could conclude that Wilkerson committed a prior sexual assault as defined in OCGA § 24-4-413 (d) (1) - (3). See OCGA § 16-6-2 (a) (1) ("A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another"); *Green v. State*, 249 Ga. App. 546, 549 (1) (b) (547 SE2d 569) (2001) (proof of penetration is not required establish sodomy, all that is required is some contact). See also *Ragland v. State*, 332 Ga. App. 510, 513 (3) (773 SE2d 772) (2015) (decided under the former Evidence Code; similar transaction victim's testimony is alone sufficient to prove defendant committed acts).

Finally, Wilkerson asserts that the probative value of the other act evidence was substantially outweighed by the danger of unfair prejudice because the trial court ignored the stark differences between the prior act and the allegations in the indictment. He points to the temporal remoteness of the prior act (11 years prior to trial), the fact that he was a minor then, and evidence that the prior act involved an allegation of a male-on-male sexual offense. However, temporal remoteness and a difference in the victims' sex do not demand exclusion. See *Eubanks v. State*, 332 Ga.

6

App. 568, 569-570 (1) (774 SE2d 146) (2015) (act committed 17 years prior to trial was admissible); *Kirkland v. State*, 334 Ga. App. 26, 29-30 (1) (778 SE2d 42) (2015) (we have held that differences in the victims' ages, sex, and specifics of molestation do not render another act inadmissible). And, Wilkerson was old enough at the time of the prior act to be held criminally responsible for his conduct. See OCGA § 16-3-1 ("A person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act, omission, or negligence constituting the crime."). OCGA § 24-4-413 creates "a rule of inclusion, with a strong presumption in favor of admissibility, and the State can seek to admit evidence under these provisions for any relevant purpose, including propensity." *Dixon*, supra, 350 Ga. App. at 213 (1) (citations and punctuation omitted). In light of this strong presumption, we cannot say that the trial court abused its discretion in allowing the prior act which also involved sexual assault of a minor by force. See, e.g., id. at 214 (1).

2. Wilkerson contends that the trial court's jury instructions as applied to the aggravated sexual battery count were erroneous. As Wilkerson acknowledges, we review this claim for plain error, because he did not object on this ground at trial. See OCGA § 17-8-58 (b). To show plain error, Wilkerson has the burden of

7

demonstrating "that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be." Hood v. State, 303 Ga. 420, 425-426 (2) (a) (811 SE2d 392) (2018) (citations and punctuation omitted).

Following the court's charge on the elements of aggravated child molestation and sodomy, the court instructed the jury as follows:

> Considerations of consent and force are irrelevant in child molestation cases, for children under the age of 16 are legally incapable of consenting to illicit sexual acts.

> A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ of another person without the consent of that person.

Wilkerson argues that because the trial court instructed the jury that children under the age of 16 are legally incapable of consenting to illicit sexual acts, and then immediately after instructed the jury on aggravated sexual battery, which required the State to prove that E. W. did not consent, the instruction was erroneous under *State*

8

*v. Williams*, 308 Ga. 228 (838 SE2d 764) (2020). In *Williams*, however, the trial court instructed the jury on the elements of aggravated sexual battery and then stated that "As I previously charged, a child under the age of 16 cannot legally consent to any sexual act." Id. at 230. Here, the trial court explained that for *child molestation*, a child under the age of 16 cannot consent to sexual acts. The court then properly charged on the elements of aggravated sexual battery, which require a showing that the victim did not consent. See OCGA § 16-6-22.2 (b). Wilkerson has therefore failed to show that there was clear error. See *Robinson v. State*, 298 Ga. 455, 462 (5) (782 SE2d 657) (2016) (no plain error where jury instructions as a whole were proper).

*Judgment affirmed. Miller, P. J., and Rickman,, J., concur*.